IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-580 (1) |
| | § | C.A. No. C-06-118 |
| SALVADOR GONZALEZ-GARCIA, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL**

Pending before the Court is Salvador Gonzalez-Garcia's ("Gonzalez") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 33).[1] Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 42, 43). Gonzalez filed a response to the government's motion to dismiss (D.E. 44), which the Court has also considered.

For the reasons set forth below, the Court withholds ruling at this time on the all but the fifth ground for relief in Gonzalez's motion. As to his fifth ground, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies Gonzalez's motion on the fifth ground, it will then address his remaining grounds, as well.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On October 13, 2004, Gonzalez was charged in a single-count indictment with being unlawfully found in the United States after being previously excluded, deported and removed, in

---

[1] Docket entry references are to the criminal case, CR. No. C-04-580.

violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 10). On November 29, 2004, Gonzalez pleaded guilty. (D.E. 17). There was no plea agreement. (Id.).

The Court ordered the probation department to prepare a Presentence Investigation Report ("PSR"), which was filed under seal on February 1, 2005. (D.E. 18, 19). On March 28, 2005, the Court sentenced Gonzalez to 51 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $500 fine and a $100 special assessment. (D.E. 27, 28). Judgment was entered on April 5, 2005. (D.E. 28). Gonzalez did not appeal.

Gonzalez was initially represented by Jose Gonzalez-Falla of the Office of the Federal Public Defender (D.E. 5), but later retained Scott M. Ellison, who represented him at the rearraignment and at the initial call for sentencing. (D.E. 8, 9, 17, 21). At the initial call for sentencing on February 11, 2005, the Court also appointed attorney Randall Barrera as co-counsel for Gonzalez. (See 2/11/05 docket entry). Both Mr. Barrera and Mr. Ellison were present on behalf of Gonzalez when he was sentenced. (See generally D.E. 32, Sentencing Transcript ("S. Tr.")).

Gonzalez's § 2255 motion was received by the Clerk on March 13, 2006. (D.E. 33). It is timely. After seeking and receiving several extensions of time to appeal, the government filed a response and motion to dismiss on July 13, 2006. (D.E. 38-43). Gonzalez filed a reply on July 31, 2006. (D.E. 44).

Gonzalez lists six grounds for relief in his § 2255 motion, all of which are ineffective assistance of counsel claims. Additionally, in a motion to amend filed before the government's response and motion to dismiss, he seeks leave to add a claim challenging the fine imposed as part of his sentence. (D.E. 36). Specifically, he contends that he is unable to pay the fine while incarcerated and is suffering the loss of numerous privileges as a result of his inability to pay it. He asks that the Court either "terminate his fine or put it off until his release." (D.E. 36 at 3). The Court

2

GRANTS Gonzalez's motion to amend, and will construe his claim concerning his fine as his seventh ground for relief in his § 2255 motion.

### III. ANALYSIS

The fifth of Gonzalez's seven grounds for relief is his claim that he was denied the effective assistance of counsel because he asked his counsel to file an appeal on his behalf, and his counsel failed to appeal. In response, the government provides affidavits from both Mr. Ellison and Mr. Barrera. In Mr. Ellison's affidavit, he does not state whether he ever consulted with Gonzalez-Garcia regarding his appellate rights. Instead, he avers:

> The Court advised Gonzalez-Garcia on his rights to appeal and Attorney Barrera met with Gonzalez-Garcia after sentencing to discuss any questions or concerns Gonzalez-Garcia may have had. In my opinion, nothing more could have been done for Mr. Gonzalez-Garcia. The averments of ineffective assistance of counsel contained in his § 2255 Motion are without merit.

(D.E. 42, 43, Exh. A at 3).

In his affidavit, Mr. Barrera avers as follows:

> I then met briefly with the Defendant after the [sentencing] hearing and I advised Mr. Gonzalez-Garcia of his right to appeal his sentence. Mr. Gonzalez-Garcia said he understood but never said that he wanted to appeal his sentence.

(D.E. 42, 43, Exh. B at 1).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

3

Applying these standards to the instant case, the Court concludes that Gonzalez is entitled to an evidentiary hearing to determine whether he told his attorney to appeal and whether his attorney consulted with him concerning his appellate rights. Although the Court acknowledges that Mr. Barrera's affidavit directly contradicts Gonzalez's own assertions, the Court simply is unable to determine on the current record that Gonzalez is not entitled to relief. Instead, the Court must hold a hearing to assess the credibility of the parties. Accordingly, an evidentiary hearing will be held to resolve these issues. See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Gonzalez's motion, it is unnecessary for the Court to address them at this time. If the Court rules in Gonzalez's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Gonzalez's remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Gonzalez's ineffective assistance claims concerning his appeal, it will then address Gonzalez's remaining grounds for relief.

### IV.  CONCLUSION

For the foregoing reasons, Gonzalez's motion to amend to add a claim challenging his fine (D.E. 36) is GRANTED.

Additionally, the Court will hold an evidentiary hearing on the limited issue of whether Gonzalez was denied effective assistance of counsel due to his counsel's alleged failure to appeal. **<u>The evidentiary hearing is set for Thursday, December 14, 2006, at 9:00 a.m.</u>**

Gonzalez is entitled to be represented by counsel at the hearing.  <u>See</u> Rules Governing Section 2255 Proceedings 8(c).  Accordingly, Jose I. Gonzalez-Falla of the Office of the Federal Public Defender is hereby appointed to represent Gonzalez.  The Clerk is directed to send a copy of this Order to Mr. Gonzalez-Falla as well as directly to Gonzalez and to the government.

ORDERED this 6th day of November, 2006.

_____
Janis Graham Jack
United States District Judge